

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Woodrow Curtis
County Attorney
Frio County
Pearsall, Texas

Dear Sir:

Opinion No. O-4129
Re: Under the facts set forth can
the Commissioners' Court order
the local option election under
the new petition?

Your letter of October 14, 1941, requesting an opinion of this department on the above stated question reads in part as follows:

"On August 11th 1941 in compliance with a petition bearing the required number of signatures, petitioning the Commissioners Court of Frio County, to order an election in Justice Precinct No. 1 for the prohibition of the sale of Beer, the Commissioners Court of Frio County ordered a Local Option Election to be held in said Justice Precinct No. 1 of Frio County on August 30th 1941, the issue submitted being the legalizing the sale of Beer, on September 13th 1941, the said Court in canvassing the returns of the said election declared the result to be 2 votes against the sale of Beer.

"At a Special Term of the District Court of the 81st Judicial District, on October 8th 1941, said election was declared to be void, because of form of Ballot, in the Decree of the District Court, the Court did not 'order the proper officer to order another election to be held, etc' as provided in Article 666-40a Penal Code.

"On October 13th 1941, there was filed and presented to the Court an entirely new petition asking for an election in the said Justice Pre-

Honorable Woodrow Curtis, Page 2

cinot No. 1 on the issue of prohibiting the
sale of beer. The Territory being the same
as that covered by the first petition.

"On the hearing of the new petition,
October 13th 1941, some of the members of the
Court took the position that it was mandatory
on the District Court to order the proper
officers to order another election, etc., as
provided in Art. 666-40a Penal Code, and that
the District Judge should hold a Special term
of Court and correct his judgment.

"Two of the members of the Court took the
position, that as an entirely new petition had
been filed the Commissioners Court could dis-
regard all that had happened in the past, the
same as if no election had been held, and order
the election under the new petition."

Article 666-40a, Vernon's Annotated Penal Code, re-
garding the contest of local option elections held pursuant to
the provisions of the Texas Liquor Control Act, specifically
provides in part:

". . ., the District Court of the county in
which such election has been held, which shall
have original and exclusive jurisdiction of
all suits to contest such election, and the
proceedings in such contest shall be conducted
in the same manner, as now govern the contest
of any general election, and said court shall
have jurisdiction to try and determine all mat-
ters connected with said election, including
the petition of such election and all proceed-
ings and orders relating thereto, embracing
final count and declaration and publication of
the result putting local option into effect,
and it shall have authority to determine ques-
tions relating to the legality and validity of
said election, and to determine whether by the
action or want of action on the part of the
officers to whom was entrusted the control of
such election, such a number of legal voters
were denied the privilege of voting, as had they
been allowed to vote, might have materially
changed the result, and if it shall appear from
the evidence that such irregularities existed
in bringing about said election or in holding
same, as to render the true result of the elec-
tion impossible to be arrived at, or very doubt-

Honorable Woodrow Curtis, Page 3

ful of ascertaining,,the court shall adjudge
such election to be void, and shall order the
proper officer to order another election to
be held, and shall cause a certified copy of
such judgment and order of the court to be de-
livered to such officer upon whom is devolved
by law the duty of ordering such election.
. . ."

We think that the above mentioned provision of Arti-
cle 666-40a, supra, is mandatory, and that the court which ad-
judges such election to be void is required to order the proper
officer to order another election be be held, and shall cause
a certified copy of such judgment and order of the court to be
delivered to such officer upon whom is devolved by law the
duty of ordering such election.

A most difficult question presented by your inquiry
is, whether or not the district court has the legal authority
and power to amend or correct his former judgment which omit-
ted the order of the proper officer to order another election
to be held as provided by Article 666-40a, supra.

We quote from the case of Flannery, et al v. Khlen,
106 S. W. (2d) 837 (writ of error dismissed), as follows:

"While it is the law, that the trial court
may not, after the term at which the judgment
was rendered, correct what is termed a judicial
error, 'The power of a court to correct inadver-
tent judgment entries or irregularities * * * is
derived from the constitution which creates the court,'
and are not dependent upon legislative authority.
25 Tex. Jur. p. 530, par. 135.

"'Although jurisdiction over the subject
matter and the parties is generally exhausted
after final judgment, yet, in a proper case, the
court may make other orders not inconsistent with
the adjudication. Thus necessity for protecting
persons or property in the control of the court
may arise after judgment has been pronounced, and
the exercise of jurisdiction over such persons
or property may be entirely consistent with the
integrity of the final judgment and therefore
not affected by the rule which forbids a change
in the judgment after expiration of the term.
Certainly a court has inherent authority at any

Honorable Woodrow Curtis, Page 4

time to direct such process or make such orders as may be necessary to carry its judgment into execution.' 25 Tex. Jur. p. 531, par. 137.

"After stating that the court after the term is closed has no power to revise or modify a judgment on the merits, the Supreme Court as early as Chambers v. Hodges, 3 Tex. 517, 529, says: 'This limitation upon the authority of the court, will not prevent the correction of clerical errors or mistakes, or defects of form, or the addition of such clause as may be necessary to carry out the judgment of the court.'

"In Trammell v. Trammell, 25 Tex. Supp. 261, the Supreme Court says: 'The court may, after the term, amend its records and judgments so far as to correct merely clerical errors or mistakes, or by adding such omitted clause in the rendition of the judgment as may be necessary to give it effect, when there is anything in the judgment by which to amend.'

"This judgment is on its face indefinite, uncertain, and ambiguous.

"See, also, Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784.

"'A judgment may properly be amended so as to relieve it of ambiguity.

"'Incorrect and erroneous recitals may be corrected, omitted recitals supplied, and improper recitals stricken out, by amendment.' 34 C. J. p. 236.

"See, also, Freeman on Judgments, vol. 1, p. 274, par. 142; Black on Judgments, vol. 1, p. 178, par. 157."

For the purposes of this opinion, we must assume that the district court intended and did perform the duty imposed upon him by the above mentioned statute, and that the judgment and order actually rendered by the court complied with the provisions of the said Article 666-40a, although the judgment

Honorable Woodrow Curtis, Page 5

and order as actually written did not contain such provision. If this be true, it is our opinion that the district court is authorized to correct the judgment as actually written to the extent that it will conform with the judgment and order actually rendered. If this be done, the Commissioners' Court must order the election in compliance with the order of the court. (See the case of Smith v. Blunt, 127 S. W. (2d) 325.) However, on the other hand, if the court had no intention and the judgment and order of the court did not comply with the provisions of Article 666-40a, supra, the judgment of the court cannot now be corrected to conform with the provisions of said statute.

Apparently there was no appeal from the judgment of the district court and the term of the court at which such judgment was rendered has terminated. If the judgment and order of the court cannot be amended or corrected as above mentioned and the judgment of the court holding the election void is final, it is our opinion that the Commissioners' Court can legally order an election in compliance with the new petition presented to the court.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED OCT 27, 1941

FIRST
ATTORNEY GENERAL

AW:CO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN